UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 07-357** |
| **KEVIN DAVIS** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by petitioner, Kevin Davis ("Davis"), for post-conviction relief pursuant to 28 U.S.C. § 2255 and in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The government opposes petitioner's motion and requests that the Court deny it without an evidentiary hearing.[2] For the following reasons, the Court finds that an evidentiary hearing is not required and the motion is **DENIED**.

### BACKGROUND

On September 27, 2007, a grand jury returned a 3-count indictment against Davis.[3] The indictment charged that Davis knowingly and intentionally distributed 5 grams or more of cocaine base ("crack") on three separate occasions (once for each count), all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[4] The indictment also included a notice of forfeiture, which stated that Davis shall forfeit "any and all property constituting or derived from any proceeds . . . obtained directly or indirectly as a result of the said violations."[5]

---

[1] R. Doc. No. 45.
[2] R. Doc. No. 47.
[3] R. Doc. No. 1.
[4] *See id.*
[5] *Id.* at 2.

On December 17, 2007, the government filed a 4-count superseding bill of information against Davis.[6] Count 1 of the information was identical to count 1 of the indictment.[7] Count 2 charged that, on or about June 1, 2007, Davis knowingly and intentionally possessed a quantity of cocaine hydrochloride and a quantity of marijuana after having previously been convicted of a drug offense, in violation of 21 U.S.C. § 844(a).[8] Count 3 charged that, on or about September 17, 2007, Davis knowingly and intentionally possessed a quantity of marijuana after having previously been convicted of a drug offense, in violation of 21 U.S.C. § 844(a).[9] Count 4 charged that, on or about May 8, 2003, Davis pled guilty in state court to possession with intent to distribute cocaine and he was sentenced to two years at hard labor.[10] Count 4 was filed pursuant to the requirements of 21 U.S.C. §§ 851(a) and 841 to establish petitioner's prior conviction for the purposes of sentencing.[11] The superseding bill of information also included an identical notice of forfeiture.[12]

On December 19, 2007, Davis signed a waiver of indictment in which he stated that he had been "advised of the nature of the charge(s), the proposed information, and of [his] rights" and that he "hereby waive[d] in open court on 12/19/07 prosecution by indictment and consent[ed] that the proceeding may be by information rather than by indictment."[13] The waiver included a short description of counts 1, 2, and 3 of the superseding bill of information.[14] The

---

[6] R. Doc. No. 13.
[7] *See id.* at 1.
[8] *Id.* at 2.
[9] *Id.*
[10] *Id.*
[11] *Id.* The prior conviction that was described in count 4 also served as the basis for the allegations in counts 2 and 3 that Davis possessed drugs "after having previously been convicted of a drug offense." *Id.*
[12] *Id.* at 3-4.
[13] R. Doc. No. 16.
[14] *Id.*

2

Court fully explained to Davis the details of the right to be charged by indictment and the consequences of the waiver,[15] and Davis indicated that he understood the right and voluntarily waived it.[16]

On January 10, 2008, the Court was informed that Davis had entered into a plea agreement with the government.[17] At his rearraignment, Davis acknowledged that, because of his prior conviction as described in count 4, he would receive, as to count 1 alone, a mandatory minimum of 10 years imprisonment and that the maximum allowable penalty was life imprisonment.[18] Davis understood that the Court could impose the maximum term of imprisonment,[19] and he "further waive[d] his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under . . . Title 28, United States Code, Section 2255, on any ground, except . . . ineffective assistance of counsel directly affect[ing] the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[20] In the accompanying factual basis, Davis admitted the facts underlying

---

[15] R. Doc. No. 35, at 7-8. Although Davis signed the waiver in front of a U.S. Magistrate Judge before his rearraignment, the Court fully explained the waiver, confirmed with the defendant his signature on the form, and again asked whether Davis wished to waive indictment. *Id.* at 9-10.

[16] *Id.* at 9 ("THE COURT: With the knowledge of your right to be charged by indictment returned by the grand jury, are you willing to waive your right to indictment? THE DEFENDANT: Yes, sir.").

[17] R. Doc. No. 19.

[18] R. Doc. No. 35, at 15 ("THE COURT: And do you understand specifically with respect to Count 1 that if you're found to be the same person previously convicted as set [forth] in Count 4 that you face a mandatory minimum of 10 years to life. Do you understand that? THE DEFENDANT: Yes, sir."); *see also id.* at 20-21 (explaining the mandatory minimum again).

[19] *Id.* at 15 ("Do you fully understand if I accept your guilty plea I can impose the maximum possible sentence as I have just related to you? Do you understand that? THE DEFENDANT: Yes, sir.").

[20] R. Doc. No. 19, at 3. The Court also explained the waiver of appellate rights to Davis at his rearraignment. R. Doc. No. 35, at 19-20 ("THE COURT: Now, as part of your plea agreement you waived your right to appeal your conviction and your sentence. You waived your right to contest your conviction[] or your sentence in any collateral proceedings . . . . [The Court explained the appellate rights that Davis retained, including challenges on the basis of ineffective

the superseding bill of information and admitted to the May 8, 2003 conviction that was charged in count 4.[21] Davis also admitted to the prior conviction at his rearraignment.[22]

On April 10, 2008, the Court ordered that Davis "be imprisoned for a term of 262 months as to count 1, and 24 months on each of counts 2 and 3, to be served concurrently."[23] Davis filed a notice of appeal on April 18, 2008,[24] and the appeal was dismissed as frivolous on February 18, 2009.[25] The instant motion was filed on August 7, 2013.[26]

In his petition, Davis argues that the § 851(a) sentence enhancement as charged in count 4 of the superseding bill of information improperly increased his guideline range from 188-235 months to 262-327 months.[27] Davis contends that *Alleyne* should apply retroactively to his case and invalidate the § 851(a) sentence enhancement "[b]ecause the 851 (a) enhancement was not submitted to the grand jury,"[28] and the inclusion of the enhancement was a "constructive

---

assistance of counsel.] Sir, do you understand what the U.S. Attorney and your attorney just outlined with respect to the plea agreement, and is that your understanding of the plea agreement in this case? THE DEFENDANT: Yes, sir.").

[21] R. Doc. No. 20, at 2-3. The factual basis was read aloud in open court to Davis at his rearraignment, including the description of the prior conviction in count 4. R. Doc. No. 35, at 26. The Court asked Davis whether he had any questions, whether he heard the evidence against him, whether he understood that evidence, and whether the U.S. Attorney's statements were correct. *Id.* at 26. When asked, "Do you agree that's what you did as to each count?" Davis replied, "Yes, sir." *Id.* at 26-27.

[22] R. Doc. No. 35, at 28 ("THE COURT: . . . Now, you're familiar with Count 4 of the Superseding Bill of Information which allege[s] a prior conviction by you? THE DEFENDANT: Yes, sir. THE COURT: All right. Are the facts contained in Count 4 of the Superseding Bill of Information which establish your prior conviction[] correct? THE DEFENDANT: Yes, sir.").

[23] R. Doc. No. 31, at 2. The Court also dismissed the original indictment. *Id.* at 1.

[24] R. Doc. No. 32.

[25] R. Doc. No. 43.

[26] R. Doc. No. 45.

[27] *Id.* at 1-2. Although Davis's petition is not clearly written, the Court will attempt to construe it according to his intent. *See id.* at 2 ("Erroneous enhancement that lacks subject matter jurisdiction and is a non-existent offense pursuant to U.S. v Alleyne no. 11-9335.").

[28] *Id.* at 3.

amendment" that caused a "fatal variance."[29] "Ergo, defendant requests appointment of counsel or in the alternative re-sentence him pursuant to the guidelines without the 851 (a) enhancement."[30]

In its response, the government argues that the petition "should be denied without an evidentiary hearing as it was filed more than three years too late, [Davis] waived his right to contest his sentence as part of his written plea agreement, and because he fails to state a claim that is cognizable under Section 2255."[31]

## LAW AND ANALYSIS

### A.   Waiver

The U.S. Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to 28 U.S.C. § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (citation and quotation omitted).

"[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely by raising an ineffective assistance of counsel claim. *Id.* at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

---

[29] *Id.* at 2.
[30] *Id.* at 3 (errors original).
[31] R. Doc. No. 47, at 1.

Davis states, "Counsel nor the District Judge new [sic] the elements to convict for the 851 (a) thus defendant pled guilty based on erroneous advice of counsel see Titlow v Burt no. 12-414 2013 Supreme Court."[32] The citation is to a grant of certiorari. *See Burt v. Titlow*, 133 S. Ct. 1457 (2013). The case to be reviewed is a § 2254 petition based on "several ineffective-assistance-of-counsel claims" arising out of a plea bargaining experience, "as well as a prosecutorial-misconduct claim and a challenge to the trial court's response to a question from the jury." *Titlow v. Burt*, 680 F.3d 577, 582 (6th Cir. 2012).

The record reflects that Davis knowingly and voluntarily entered into a guilty plea[33] and knowingly and voluntarily agreed to a waiver of his collateral rights.[34] Davis has made no allegation and presented no evidence to the contrary. Based on the foregoing, the Court finds that Davis knowingly and voluntarily entered into a written plea agreement in which he waived his right to challenge his sentence in a collateral proceeding.[35]

**B.    Timeliness**

Even if Davis had not waived his right to file a § 2255 petition, his motion is untimely. Section 2255 petitions are subject to a 1-year limitations period that begins to run from the latest of four different triggering events. 28 U.S.C. § 2255(f).[36] The government correctly notes that

---

[32] R. Doc. No. 45, at 3 (errors original).
[33] R. Doc. No. 35, at 26-27.
[34] R. Doc. No. 19, at 3. The Court also explained the waiver of appellate rights to Davis at his rearraignment. R. Doc. No. 35, at 19-20 ("THE COURT: Now, as part of your plea agreement you waived your right to appeal your conviction and your sentence. You waived your right to contest your conviction[] or your sentence in any collateral proceedings . . . . [The Court explained the appellate rights that Davis retained, including challenges on the basis of ineffective assistance of counsel.] Sir, do you understand what the U.S. Attorney and your attorney just outlined with respect to the plea agreement, and is that your understanding of the plea agreement in this case? THE DEFENDANT: Yes, sir.").
[35] R. Doc. No. 47, at 8.
[36] Section 2255(f) states:

Davis filed his petition well beyond § 2255(f)(1)'s one-year period after the date on which the judgment against him became final, which occurred "when the time expire[d] for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Furthermore, there is nothing in the record or in the petition to suggest that either subsections (2) or (4) of § 2255(f) is applicable.

Although Davis does not squarely address the issue of timeliness, his petition is filed under the heading "28 U.S.C. § 2255(f)(3)," and he seeks relief pursuant to *Alleyne*.[37] Accordingly, Davis's petition is timely if it was filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court [in *Alleyne*], if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the U.S. Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.[38] The Supreme Court in

---

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[37] R. Doc. No. 45, at 1.
[38] The Supreme Court in *Alleyne* specifically declined to revisit the "narrow exception to this general rule for the fact of a prior conviction." 133 S. Ct. at 2160 n.1. Davis argues that this exception, as recognized by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "is no longer controlling circuit law." R. Doc. No 45, at 2. However, the Court need

*Alleyne* concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." 133 S. Ct. at 2160. In doing so, the Supreme Court explicitly overruled *Harris v. United States*, 536 U.S. 545 (2002), which limited *Apprendi* to facts increasing the statutory maximum only. *See Alleyne*, 133 S. Ct. at 2163. Importantly, the Court also stated: "In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury." *Id.*

Davis filed his application within one year of "the date on which the right asserted was initially recognized." *Id. Alleyne* was decided on June 17, 2013, Davis's filed his application less than two months later on August 7, 2013.[39] The Court assumes, for purposes of this argument, that *Alleyne*, which directly overruled *Harris*, created a "newly recognized" right. *See Saffle v. Parks*, 494 U.S. 484, 488 (1990) ("The explicit overruling of an earlier holding no doubt creates a new rule . . . ."). Accordingly, the Court proceeds to consider whether *Alleyne* was "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

"New *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). "New rules of procedure, on the other hand, generally do not apply retroactively." *Id.* at 352. Davis argues, without citation, that *Alleyne* "is retroactive because it is substantive and not procedural."[40]

*Alleyne* set forth the rule that "facts that increase mandatory minimum sentences must be submitted to the jury." *See Alleyne*, 133 S. Ct. at 2163. However, as the Supreme Court has explained, "Rules that allocate decisionmaking authority in this fashion [that is, requiring that a

---

not consider whether this exception survived *Apprendi* and *Alleyne* because Davis's petition must be dismissed for a variety of other reasons.
[39] R. Doc. No. 45.
[40] *Id.* at 3.

jury rather than a judge find the essential facts bearing on punishment] are *prototypical procedural rules*, a conclusion we have reached in numerous other contexts." *Schriro*, 542 U.S. at 353 (emphasis added) (citing cases). Moreover, *Alleyne* itself recognizes that it concerns a procedural rule. *See, e.g.*, *Alleyne*, 133 S. Ct. at 2163 n.5 (reasoning that overruling *Harris* is appropriate partly because "[t]he force of *stare decisis* is at its nadir in cases concerning procedural rules that implicate fundamental constitutional protections").

"[A] federal habeas court can apply a new rule of constitutional law retroactively only if" one of two exceptions applies. *Panetti v. Stephens*, 727 F.3d 398, 413 (5th Cir. 2013) (citing *Teague v. Lane*, 489 U.S. 288, 311 (1989)). First, a new constitutional rule should be applied retroactively if it would "place[] a class of private conduct beyond the power of the State to proscribe." *Id.* (quoting *Saffle*, 494 U.S. at 494-95) (internal quotation marks omitted). It also applies where a rule "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Saffle*, 494 U.S. at 494. Davis cannot invoke this exception, because *Alleyne* neither decriminalizes a class of conduct nor prohibits the imposition of a certain punishment on a particular class of persons. *See id.*

"The second exception is for 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, 494 U.S. at 495 (quoting *Teague*, 489 U.S. at 311). In connection with this exception, the Supreme Court has "usually cited *Gideon v. Wainwright*, . . . holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." *Id.* (citing *Teague*, 489 U.S. at 311-12). As the Fifth Circuit recently noted, "The Supreme Court has instructed that a new rule qualifies for 'watershed' status only if it (i) '[is] necessary to prevent an impermissibly large risk of an inaccurate conviction' and (ii) 'alter[s] our

understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Panetti*, 727 F.3d at 413.

*Alleyne* "has none of the primacy and centrality of the rule adopted in *Gideon* or other rules which may be thought to be within the exception." *See Saffle*, 494 U.S. at 495. Even if *Alleyne* is necessary to "prevent an impermissibly large risk of an inaccurate conviction," a finding not made by this Court, the Court does not find that it "alter[s] our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *See Panetti*, 727 F.3d at 413 (internal quotation marks omitted). Courts that have addressed the retroactivity of *Alleyne* in the context of § 2255 motions have also concluded that it is not retroactive. *See, e.g.*, *Jackson v. United States*, No. 13-818, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Mingo v. United States*, No. 13-787, 2013 WL 4499249 (W.D. Mich. Aug. 19, 2013); *United States v. Graham*, No. 13-7299, 2013 WL 4400521 (E.D. Ky. Aug. 15, 2013); *United States v. Reyes*, No. 11-6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); *United States v. Potter*, No. 13-7290, 2013 WL 3967960 (E.D. Ky. July 31, 2013); *Affolter v. United States*, No. 13-1413, 2013 WL 3884176 (E.D. Mo. July 26, 2013); *see also United States v. Stewart*, No. 13-6775, 2013 WL 5397401, at *1 n.1 (4th Cir. Sept. 27, 2013) (per curiam) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *Clinton v. Young*, No. 12-2249, 2013 WL 5233712, at *1 (W.D. La. Sept. 16, 2013) ("While it does not appear that the Fifth Circuit has, as of yet, ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive.").

The Court finds that *Alleyne* is not retroactively applicable and that Davis's petition is, therefore, untimely under 28 U.S.C. § 2255(f)(3).[41]

**C.     Merits**

Finally, the Court notes that even if *Alleyne* is retroactively applicable, it would not afford Davis any relief. Davis waived his right to be charged by indictment[42] and he admitted to the prior felony conviction.[43] Likewise, *Alleyne*'s rule that "facts that increase mandatory minimum sentences must be submitted to the jury" cannot help a defendant who admitted to those facts. *See Alleyne*, 133 S. Ct. at 2163; *see also* R. Doc. No. 35, at 28.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to vacate his sentence is **DENIED** and his post-conviction application is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 16, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[41] Davis also contends that *Alleyne* is retroactive because the Supreme Court vacated the lower court's decision in *Abrahamson v. United States*, 133 S. Ct. 2853, 2853 (2013), which was "[o]n petition for writ of certiorari" when *Alleyne* was decided and was remanded "for further consideration in light of *Alleyne*." *Id.* However, *Abrahamson* does not help Davis because "[w]hen a decision of this [Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances." *Schriro*, 542 U.S. at 351 (citation omitted)

[42] R. Doc. No. 16; *see also supra* notes 15-16 (quoting R. Doc. No. 35, at 7-9).

[43] R. Doc. No. 20, at 2-3.