UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-357 |
| KEVIN DAVIS | SECTION I |

### ORDER & REASONS

Before the Court is defendant Kevin Davis's ("Davis") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(a).[2] Because Davis has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

### I.

On January 10, 2008, Davis pled guilty to counts one, two, and three of a four-count superseding bill of information, which charged him with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession of cocaine and marijuana after having been previously convicted of a drug offense in violation of 21 U.S.C. § 844(a), and possession of marijuana after having been previously convicted of a drug offense in violation of 21 U.S.C. § 844(a).[3]

---

[1] R. Doc. No. 56.
[2] Davis refers to the "cares home confinement act," which the Court construes as the First Step Act. *Id.* at 1.
[3] R. Doc. No. 13. Count four of the superseding bill of information was filed pursuant to the requirements of 21 U.S.C. §§ 851(a) and 841 to establish Davis's prior conviction for the purposes of sentencing. *Id.* at 2.

1

On April 10, 2008, this Court sentenced Davis to a term of imprisonment of 262 months as to count one and 24 months as to each of counts two and three, to be served concurrently, as well as an eight-year term of supervised release.[4] The Court also imposed a $300.00 special assessment.[5]

Davis appealed his sentence, and on March 17, 2009, the United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous.[6] On October 16, 2013, this Court denied Davis's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[7] Davis is currently incarcerated at FCI Butner; his projected release date is July 2, 2021.

In the instant motion, Davis provides scant reasons for the Court to grant his request for compassionate release. His one-paragraph motion simply asserts that he is "not incarcerated for a violent crime" and that he is "not a violent person."[8] He does not provide any information with respect to his health status, nor does he state that he has submitted a request for compassionate release to the warden of FCI Butner or otherwise exhausted his administrative remedies.

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering

---

[4] R. Doc. No. 31, at 1–3.
[5] *Id.* at 4.
[6] R. Doc. No. 43.
[7] R. Doc. No. 48.
[8] R. Doc. No. 56, at 1.

2

the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.) ("[S]ection 3582(c)'s exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any

circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 2:16-CR-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Davis has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Because he has not satisfied this statutory requirement, Davis's motion for compassionate release is not properly before the Court.

## IV.

Accordingly,

**IT IS ORDERED** that Davis's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 1, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**